UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHMOUD ELZEIN,

        Plaintiff,

vs.

        Case No. 12-CV-12373
        HON. GEORGE CARAM STEEH

BANK OF AMERICA,

        Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 19)

### INTRODUCTION

This case concerns the foreclosure of a mortgage taken out by plaintiff Mahmoud Elzein. Plaintiff's first amended complaint alleges that defendant failed to comply with a Michigan statute concerning loan modifications and requiring judicial foreclosures under certain circumstances. Defendant Bank of America has moved for summary judgment, asserting that plaintiff failed to meet his obligations and was thus not entitled to the benefit of the statute. Because the court finds a question of material fact exists as to plaintiff's claim, it will deny defendant's motion.

### BACKGROUND

In June 2006, plaintiff received a loan from Shore Mortgage in the amount of $314,000, secured by a mortgage on real property located in Dearborn Heights, Michigan. The mortgage was recorded with the Wayne County Register of Deeds. The mortgage was then assigned to defendant Bank of America ("BANA") under an Assignment of Mortgage dated September 10, 2011 and duly recorded.

After plaintiff defaulted on the mortgage, BANA initiated foreclosure by advertisement proceedings in October 2011. BANA's foreclosure counsel, Trott & Trott, mailed notices to plaintiff, including one pursuant to Mich. Comp. Laws Ann. § 600.3205 (a)(1), indicating plaintiff's right to request a meeting to discuss a loan modification. Plaintiff also received a list of documents required by Trott & Trott to conduct their review of his eligibility. Plaintiff, through a housing counselor, scheduled a meeting for January 25, 2012, to discuss the possibility of a modification.

Defendant takes the position that the financial package submitted by plaintiff was received December 14, 2011, but did not contain all of the requested financial documents. A meeting was held on January 25, 2012, which plaintiff and his housing counselor attended telephonically. Defendant asserts in its motion that plaintiff was informed additional documentation was necessary for Trott & Trott's review, and that because plaintiff never responded to the document request, the loan modification was declined. On the other hand, plaintiff asserts in response to the motion that after BANA's representative stated it had not received required documentation, plaintiff and his loan counselor told the representative that the documents had already been faxed to Trott & Trott. Plaintiff says that they heard nothing further, until after March 27, 2012, when Trott & Trott sent plaintiff a letter indicating that the loan was ineligible for modification and that foreclosure would thus proceed. Plaintiff then filed this lawsuit on April 23, 2012. A sheriff's sale which had been scheduled for May 3, 2012 was "voluntarily adjourned," according to the defendant.

After plaintiff filed this lawsuit in Wayne County Circuit Court, defendant removed the action to federal court. The court granted defendant's initial motion to dismiss, but

allowed the filing of a first amended complaint by plaintiff. In that complaint, filed November 7, 2012, the sole count is captioned "Statutory Action to Convert Foreclosure by Advertisement to Judicial Foreclosure Pursuant to MCL 600.3205 (c)(8)." Now before the court is defendant's motion for summary judgment. Because the court finds that it would not be assisted by oral argument, the matter is ordered submitted on the briefs in accordance with E.D. Mich. LR 7.1(2)(e)(2). The court's consideration of and determination on the motion is set forth below.

## STANDARD

The entry of summary judgment is appropriate when the record demonstrates that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Sadie v. City of Cleveland, 718 F.3d 596, 599 (6th Cir. 2013).

The standard for determining whether to enter summary judgment is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## DISCUSSION

Under Mich. Comp. Laws Ann. § 600.3205c, a foreclosure by advertisement is converted to a judicial foreclosure if a borrower meets certain criteria for a loan modification listed under Mich. Comp. Laws Ann. § 600.3205c(1) but is not granted that loan modification by the lender/servicer. See Mich. Comp. Laws Ann. § 600.3205c(8). Mich. Comp. Laws Ann. § 600.3205b requires a borrower to provide all requested documents for the modification. Mich. Comp. Laws Ann. § 600.3205c describes the process the lender must go through if a borrower has (either directly or through a housing counselor) contacted the appropriate representative of the mortgage holder/servicer, including the evaluation process and the information required to be conveyed to the borrower.

In the "factual history" section of plaintiff's complaint, plaintiff alleges that after he defaulted on his loan, he contacted Trott & Trott through a housing counselor, and a meeting was scheduled for January 25, 2012. He then includes the nonsensical allegation that *before* the January 2012 meeting "counsel for BANA notified the Plaintiff in a letter dated *March 27, 2012* that the meeting was being cancelled," and that BANA informed plaintiff that he did not meet "certain investor guidelines" necessary for a modification. Plaintiff then generally claims that BANA never gave plaintiff any information about the guidelines, calculations, or why/how the plaintiff failed to qualify for a "Michigan or federal loan modification," as required by statute.

As defendant states in its motion, a meeting was held on January 25, 2012, albeit joined in by both plaintiff and his housing counselor via the telephone. Although plaintiff's inartfully worded complaint appears to allege that such a meeting was not held, the fact that he and his loan counselor participated in the meeting is not disputed by plaintiff. Thus plaintiff's allegation in his complaint that the meeting was "cancelled" appears to have no merit.[1] What is disputed by the parties is whether plaintiff submitted the documents he was required to submit, and thus whether or not the refusal by defendant to consider a loan modification and engage in the statutory process, as well as its failure to provide plaintiff with any information about its decision and its continuation of the foreclosure by advertisement, was in violation of Michigan law.

---

[1] In fact, the court notes that plaintiff again states in his response brief that he received the March 27, 2012 letter from Trott and Trott indicating "the meeting had been cancelled." This quotation appears nowhere in the March 27, 2012 letter.

On this point, defendant asserts in its motion that "[p]laintiff failed to provide the requested documents between the January 25, 2012 [m]eeting and March 27, 2012, when the decline letter was sent to Plaintiff.  Thus, BANA complied with MCL 600.3205b and the calculations alleged in the Amended Complaint are irrelevant."  Doc. # 19 at 16. All defendant cites in support of this argument is plaintiff's deposition, which the court finds particularly unhelpful,[2] and an affidavit of a Trott & Trott representative who has apparently "reviewed the files" and can describe the relevant occurrences.

In contrast, plaintiff contends that his housing counselor, Lorraine Szappan, "forwarded all of the requested documents to BOA on December 14, 2011 by way of fax."  As noted above, plaintiff states that neither he nor his housing counselor heard any more about missing documents between the date of the January telephonic meeting and the March letter, despite his specific request to BANA.[3]  Plaintiff points out that the letter itself refers only to his failure to "satisfy one or more guideline requirements established by the investor," and not to any particular missing documents. As noted above, there is no real evidence on this issue other than competing affidavits from a BANA representative and the plaintiff, one attesting that generic "documents" were not received, and the other similarly attesting that the generic "documents" were in fact sent.

---

[2]Defendant points to some less than clear deposition testimony given by plaintiff, in which his answers to defendant's counsel concerning documents allegedly not sent by plaintiff are confusing at best.  The court does not find this testimony given by plaintiff particularly helpful to defendant's position.

[3]This request on the part of plaintiff is described in an affidavit attached to his response brief.

As implied above, an examination of the evidence submitted by the parties does not assist the court in resolving this matter in any significant measure.  BANA has not enumerated even one specific document it requested that was not submitted by the plaintiff.  Furthermore, as highlighted by plaintiff, this position is diametrically opposed to the position it took at the time it filed a motion to dismiss.  In BANA's motion to dismiss, BANA stated that it had "reviewed Plaintiff's financial documents and determined he did not qualify for a modification under investor guidelines."  However, in the current proceedings, BANA has specifically argued that it never had the documents it required to review in order to make a determination on a loan modification.[4]  The current record simply does not satisfy the court that BANA is entitled to judgment at this juncture.

## CONCLUSION

Because the court finds that a review of the arguments and evidence on this issue in a light most favorable to the plaintiff demonstrates the existence of a material question of fact, it will **DENY** defendant's motion.  The parties shall contact the court for further dates in these proceedings.

**IT IS SO ORDERED**.

Dated:  October 29, 2013

                                                     s/George Caram Steeh
                                                     GEORGE CARAM STEEH
                                                     UNITED STATES DISTRICT JUDGE

---

[4] The court acknowledges but will not adopt defendant's suggestion in a footnote to its summary judgment brief that its requests for admissions, including one seeking a general admission that plaintiff did not submit "all" of the required documentation, should be deemed admitted under Fed. R. Civ. P. 36 on the basis that plaintiff apparently filed a late response.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk